UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOR-CAL PRODUCTS, INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>XL INSURANCE AMERICA, INC.,<br>GREENWICH INSURANCE, INC.;<br>WELLS FARGO INSURANCE<br>SERVICES USA, INC.; CHARLES<br>CUSHNER, and DOES 1-50,<br><br>            Defendants. | No.  2:12-cv-02193 JAM-CMK<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS** |

This matter is before the Court on Defendant Wells Fargo Insurance Services USA, Inc.'s ("Defendant") Motion to Dismiss (Doc. #6).  Plaintiff Nor-Cal Products, Inc. ("Plaintiff") opposes the motion (Doc. #10) and Defendant replied (Doc. #11).[1] For the following reasons, Defendant's motion is granted.

///

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for October 17, 2012.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff originally filed this action on May 3, 2012, in Siskiyou County Superior Court against Defendant, Defendant's employee Charles Cushner, XL Insurance America, Inc., and Greenwich Insurance, Inc. Plaintiff settled with XL Insurance America and Greenwich Insurance, Inc. (collectively "XL/Greenwich"), and they were dismissed on July 10, 2012. Mr. Cushner was dismissed on August 17, 2012 (Doc. #1). Defendant removed this action to this Court on August 22, 2012. Id. Plaintiff alleges one cause of action against Defendant for breach of an assumed additional duty. Id.

On July 31, 2007, Huston Lesley, an employee of Plaintiff, filed a complaint against Plaintiff with the California Department of Fair Employment and Housing ("DFEH") alleging employment discrimination based on his disability. On or about August 20, 2007, Plaintiff tendered the defense to XL/Greenwich.

On or about June 15, 2009, after receiving his right to sue letter, Mr. Lesley filed an action in Siskiyou County Superior Court against Plaintiff. Plaintiff tendered the defense to XL/Greenwich for the lawsuit and XL/Greenwich defended Plaintiff for several months. On or about May 4, 2012, XL/Greenwich withdrew coverage for the lawsuit.

After XL/Greenwich withdrew coverage, Plaintiff contacted Mr. Cushner, its insurance broker. Mr. Cushner allegedly assured Plaintiff that he was exploring insurance coverage for the lawsuit. On June 16, 2012, Mr. Cushner sent an email to Plaintiff stating that he was "attempting to find a way this claim will be accepted by Navigators and/or XL." Compl. ¶ 24.

1    Plaintiff alleges that there was no follow up
2 correspondence between Mr. Cushner and Plaintiff regarding this
3 matter.  Plaintiff further alleges that Mr. Cushner and
4 Defendant never contacted Navigators Group, Inc.,
5 ("Navigators"), Plaintiff's previous insurer, or XL/Greenwich to
6 contest the denial of coverage.
7    Plaintiff alleges that it continued to defend itself in the
8 underlying action and decided to settle the action out of court.
9
10                           II. OPINION
11   A.   Legal Standard
12    A party may move to dismiss an action for failure to state
13 a claim upon which relief can be granted pursuant to Federal
14 Rule of Civil Procedure 12(b)(6).  In considering a motion to
15 dismiss, the court must accept the allegations in the complaint
16 as true and draw all reasonable inferences in favor of the
17 plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),
18 overruled on other grounds by Davis v. Scherer, 468 U.S. 183
19 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  Assertions that
20 are mere "legal conclusions," however, are not entitled to the
21 assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678
22 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
23 (2007)).  To survive a motion to dismiss, a plaintiff needs to
24 plead "enough facts to state a claim to relief that is plausible
25 on its face."  Twombly, 550 U.S. at 570.  Dismissal is
26 appropriate where the plaintiff fails to state a claim
27 supportable by a cognizable legal theory.  Balistreri v.
28 Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B. Discussion

Defendant contends that Plaintiff has failed to allege a breach of duty by Defendant or damages caused by Defendant. Plaintiff argues that Defendant's employee, Mr. Cushner, assumed an additional duty by asserting that he would seek coverage for the underlying claim and as a result of Mr. Cushner and Defendant's breach of that duty, Plaintiff was not defended in the underlying action.

Plaintiff alleges that Defendant assumed a fiduciary duty to seek coverage for the underlying claim.  Because an insurance broker is not a fiduciary under California law, claims denominated "breach of fiduciary duty" are analyzed as professional negligence claims. Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Associates, Inc., 115 Cal.App.4th 1145, 1159-60 (2004).  To establish a professional negligence claim, a plaintiff must allege "(1) a legal duty to use due care, (2) a breach of that duty, and (3) the breach is a proximate cause of the resulting injury."  6 B.E. WITKIN, SUMMARY OF CALIFORNIA LAW: TORTS § 835 (10th ed. 2005); see also Jones v. Grewe, 189 Cal.App.3d 950, 954 (1987) (citation omitted).

1. <u>Legal Duty and Breach of that Duty</u>

Generally, an insurance broker does not have a duty of care to advise a client on insurance matters unless

> (a) the agent misrepresents the nature, extent or scope of the coverage being offered or provided . . ., (b) there is a request or inquiry by the insured for a particular type or extent of coverage . . ., or (c) the agent assumes an additional duty by either express agreement or by 'holding himself out' as having expertise in a given field of insurance being sought by the insured.

<u>Fitzpatrick v. Hayes</u>, 57 Cal.App.4th 916, 927 (1997) (citations omitted).

In this case, Defendant argues that there is no breach of duty because Plaintiff does not allege that Defendant misrepresented insurance coverage or failed to obtain the coverage requested. Plaintiff alleges that Defendant's agent, Mr. Cushner, "expressly assur[ed] Nor-Cal that he would seek coverage" for the underlying lawsuit, and thereby assumed an additional brokerage duty, which was subsequently breached. Compl. ¶¶ 25, 65. This express assurance was allegedly contained in an email sent by Mr. Cushner to Plaintiff. However, in this email, Mr. Cushner stated only that he was "attempting to find a way that this claim will be accepted by Navigators and/or XL." Compl. ¶ 24. Mr. Cushner never expressly agreed to contact XL/Greenwich and Navigators and he certainly did not expressly promise Plaintiff that he would obtain coverage from these insurers. At best, he simply stated that he would attempt to help Plaintiff, which does not amount to an express agreement. Moreover, as Defendant points out, the cases relied upon by Plaintiff in its opposition to this motion

do not support its argument that under the facts of this case a legal duty can be imposed on Defendant's broker. Plaintiff has failed to cite to any case where, after an insurance company has denied a claim, an insurance broker has a duty to attempt to convince the insurer to change its position.  Therefore, the Court finds that Plaintiff has not sufficiently alleged a legal duty or a breach of that duty.  Further, the Court declines Plaintiff's invitation to recognize a new duty under these circumstances.

### 2. Proximate Cause

Defendant seeks to dismiss this case on the separate ground that Plaintiff has not alleged that it suffered damages caused by Defendant.  Plaintiff argues in its opposition that because of Mr. Cushner's representations, Plaintiff did not pursue the matter with XL/Greenwich or Navigators and as a result, neither XL nor Navigators provided Plaintiff with a defense or indemnification.

To establish causation, Plaintiff must allege facts which demonstrate that Defendant's conduct contributed to the injury "so that 'but for' the conduct the injury would have not have occurred." Greenfield v. Ins. Inc., 19 Cal.App.3d 803, 810-11 (1971).  "If the act or omission was a substantial factor in bringing about the result, it will be regarded as a legal cause of the injury." Id.  For example, in Greenfield, the court found that but for the insurance's misrepresentation that the plaintiff had coverage, the plaintiff would have acquired

1  adequate coverage.  Id.
2      In this case, Plaintiff alleges that "as a direct and
3  proximate result of Mr. Cushner's and [Defendant's] breach of
4  their additional duty, the denial of coverage was never
5  reversed." Compl. ¶ 66.  This allegation is not plausible on
6  its face.  Unlike the definite causal connection in Greenfield,
7  here, the causal connection is speculative.  Even if Defendant
8  or Defendant's agent had acted, it is uncertain whether
9  XL/Greenwich would have reversed its decision or Navigators
10 would have decided to represent or indemnify Plaintiff because
11 neither Mr. Cushner nor Defendant had control over that
12 decision.  Plaintiff argues that once XL/Greenwich was
13 confronted, as Mr. Cushner promised he would do, XL/Greenwich
14 settled the litigation for failure to defend and indemnify.  The
15 Court does not find Plaintiff's argument persuasive because
16 XL/Greenwich's decision to settle after being threatened with
17 litigation does not lead to the conclusion that it would have
18 reversed its decision had Mr. Cushner or Defendant contacted
19 XL/Greenwich. Given the uncertainty as to how XL/Greenwich or
20 Navigators would have acted, the Court finds that Plaintiff has
21 not alleged facts demonstrating that Defendant's alleged breach
22 was a proximate cause of Plaintiff's alleged injury. Finally,
23 the parties disagree on whether an insurer's duty to defend can
24 be determined on a motion to dismiss, but this argument is
25 irrelevant because as mentioned above, Defendant had no control
26     //
27     //
28     //

over XL/Greenwich's or Navigator's decision to defend.[2]

Accordingly, the Court finds that Plaintiff cannot allege that there was any additional duty or that it suffered damages caused by Defendant. The Court further finds that the Complaint cannot be saved by amendment and therefore granting Plaintiff leave to amend would be futile.

## III. ORDER

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: November 5, 2012

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[2] In the reply, Defendant requests judicial notice of the insurance policy Navigators issued to Plaintiff. However, the Court finds it unnecessary to take judicial notice in order for it to determine this motion and therefore, Defendant's request for judicial notice is denied.